## G. C. PETERIE v. B. N. BUGBEY AND ROBERT BECK.

CONFLICTING EVIDENCE.—If the testimony is conflicting, the Supreme Court will not attempt to weigh the evidence and decide between conflicting statements.

WITNESS—ASSIGNOR OF THING IN ACTION.—B. commenced an action against S. on a promissory note indorsed by A. to B., and procured an attachment, by virtue of which the Sheriff levied on goods and chattels as the property of S. P., who claimed that the property levied on belonged to him, brought suit against B. and the Sheriff, to recover possession of the same. On the trial, B. offered A. as a witness on behalf of himself and the Sheriff. *Held*, that A. was a competent witness, and that he was not the assignor of a thing in action, within the meaning of the four hundred and twenty-second section of the Practice Act, as amended in 1861. *Held*, further, that A had not such a "present, certain, and vested interest" in the result of the suit as disqualified him under the three hundred and ninety-first section of the Practice Act.

SAME.—The *status* to which the four hundred and twenty-second section of the Practice Act applies only exists where the thing in action or contract assigned is the subject matter, or a part thereof, of the suit pending, and in which the assignor is offered as a witness.

EXECUTION ON JUDGMENT FOR POSSESSION OF PERSONAL PROPERTY.—Where A. commences a suit against B. to recover possession of personal property, and, before the suit is commenced, B. has sold the property to C., if A. recovers judgment, the property cannot be taken from C. under an execution issued on the judgment for its delivery.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

This action was tried on the 6th day of March, 1863. Notice had not been given by defendants of an intention to examine Ackley, the witness hereinafter referred to, as a witness on their behalf.

S. Stackhouse was indebted to Robert Beck, one of the defendants, and Beck commenced an action against him in the District Court of Sacramento County, on the 14th day of October, 1862, on the demand, and procured the issuance of

an attachment, and placed the same in the hands of defendant, Bugbey, who, as Sheriff, levied upon a quantity of personal property, as belonging to Stackhouse, the defendant in the writ.

Peterie, the plaintiff, claimed the property levied on, and brought this action to recover possession of the same. Peterie claimed to have purchased the property from Stackhouse before the levy of the Sheriff.

The defense was, that the purchase of Peterie was fraudulent as against the creditors of Stackhouse.

On the trial, defendants offered as a witness on their behalf W. Ackley. Witness stated in his *voir dire* that he was a partner of Beck when the debt against Stackhouse accrued, and that Stackhouse gave Beck and Ackley his note therefor, and that he, Ackley, before the commencement of the attachment suit, sold his interest in the note to Beck, and indorsed the same. Witness also stated that Beck recovered judgment in the attachment suit, and the Sheriff sold the property levied on, and Beck became the purchaser. Beck sold a portion of this property to witness before the commencement of the possessory action by Peterie.

The plaintiff objected to Ackley testifying, because he had bought of Beck a portion of the property sued for, and it was the interest of the witness that the property should be applied on Beck's debt, as, if Peterie recovered judgment for a return of the property, the writ would run against the property in Ackley's possession ; and because Ackley was the assignor to Beck of the note on which the suit was brought against Stackhouse.

The Court sustained the objection, on the ground that Ackley was the assignor of the note, and defendant excepted.

Plaintiff recovered judgment, and defendants appealed from the judgment, and from an order denying a new trial.

*John G. Hyer*, for Appellants.

An indorser of a negotiable promissory note is *not an assignor*, under the statute requiring notice. In *Hicks* v.

*Wirth*, 10 Howard, 555, at general term of New York Common Pleas, the question, and all the cases then reported, were very fully and ably considered, and it was held that an indorser of a negotiable promissory note was not an assignor of a thing in action, within the meaning of section 399 of the code; that the indorsement of a note, strictly speaking, is the order or appointment, by the payee to the maker, of a person to whom, according to the maker's contract, he has agreed to pay the amount as promised; and although it virtually carries with it a right of action against the maker, yet such right is rather for a breach of the original contract, viz: a promise to pay to the order of the payee—than from any actual assignment of a claim against the maker. This case was approved, in the opinion of Mr. Justice Welles, in *Calkins* v. *Packer*, 21 Barb. 275, decided at general term. In the case of *Tuloss* v. *Rapelyee*, 3 Abb. 93, in the same Court, at general term, and the same Judge delivering the opinion, the same doctrine was approved, as applied to negotiable paper. In *Anderson* v. *Busteed*, 5 Duer, 485, it was held by the Superior Court (Duer, Bosworth, and Slosson, Justices) that an indorser of negotiable paper is not an assignor within the meaning of the code, and that his examination as a witness does not render the party against whom he is examined a competent witness under section 399 of the code. And in the case of *Watson* v. *Bailey*, 2 Duer, 509, the Superior Court doubt whether section 399 (of the New York Code, in relation to examination of assignors, parties, etc.) applies to cases of negotiable paper at all, though the question did not directly arise in that case. (*Hicks* v. *Wirth*, 10 Howard, 555. Approved: *Calkins* v. *Packer*, 21 Barb. 275; *Anderson* v. *Busteed*, 5 Duer, 485; *Watson* v. *Bailey*, 2 Duer, 509; *Tuloss* v. *Rapelyee*, 3 Abb. P. R. 93.) These cases are all decided in New York, under a statute which was, when the decisions were made or rendered, identical in its terms with that of our own State as it stood prior to the amendment of 1863.

*Robinson & McConnell*, for Respondent.

We contend that under the facts, Warren Ackley was directly interested in establishing in Beck the title and ownership of the property in question. The *ownership* was the very point at issue in this suit. If Peterie was the owner, then Ackley had no title, for he purchased with a full knowledge of Peterie's rights ; but if Beck's title was good, then Ackley's would be, for he purchased of Beck. Hence it follows that Ackley would gain or lose by the direct legal operation and effect of the judgment, and the record of the judgment would be legal evidence for or against him in any action where the title of the property might come in question.

The authorities are far from uniform upon the point as to whether an indorser of a promissory note is an *assignor* under the statute requiring notice. The weight of authority is in favor of the affirmative of the proposition. (*Clement* v. *Adams*, 12 How. 163 ; *Bump* v. *Van Andele*, 11 Barb.. 634 ; *Potter* v. *Bushnell*, 10 How. 94 ; *Collins* v. *Knapp*, 18 Barb. 532 ; *Jagoe* v. *Alleyn*, 16 Barb. 580.)

By the Court, SANDERSON, C. J.

This is an appeal from an order denying a motion for a new trial. Two points are made by appellants : First—That the verdict is against the weight of evidence. Second—That the Court erred in holding that one Ackley, offered as a witness by the defendants, was incompetent on the ground of interest.

First—Upon the first ground the judgment cannot be disturbed. As to the *bona fides* of the sale of the property in controversy by Stackhouse to the plaintiff, the testimony is conflicting ; and under the the rule which has long been established in this State, we are not at liberty to disturb the verdict of the jury. Where the testimony is conflicting, the result mainly depends upon the credibility of the witnesses. Of that the jury and the Court below have an opportunity to judge, but this Court has not. Should we attempt to weigh the evidence as it is presented to us and decide between conflicting statements, the chances for the intervention of error would be increased rather than diminished.

Second—The witness, Ackley, was not an assignor of a "thing in action or contract" within the meaning of the four hundred and twenty-second section of the Practice Act, as amended in 1861.    There is no "thing in action or contract" involved in this case of which Ackley is the assignor, nor of which the defendants or either of them are the assignees. The note which was in part assigned by Ackley to Beck constitutes no part of this suit.   It was part of the consideration upon which the suit of Beck against Stackhouse was founded, and had Beck offered Ackley as a witness in that case the question could have been there presented, and there only, which is attempted to be presented here.   The *status* to which the four hundred and twenty·second section applies, only exists where the " thing in action or contract" assigned is the subject matter or part thereof of the suit pending, and in which the assignor is offered as a witness.

Nor has Ackley such a "present, certain, and vested interest" in the result of the suit as disqualifies him under the three hundred and ninety-first section of the Practice Act. The test of the interest which renders a person incompetent as a witness is " that he will gain or lose by the direct legal operation of the judgment; or that the record of the judgment will be legal evidence for or against him in some other action."   Under this test it is clear that Ackley has no interest in the result of this suit.   The title of Beck to that portion of the property in question which was sold by him to Ackley had vested in Ackley before this suit was brought. Suppose the judgment to be in favor of the plaintiff, it could not directly operate against Ackley, for not being a party to the suit, the execution, either for a delivery of the property, or for its value in money, could not run against him.    The property in his possession could not be taken under the execution, nor could its value be made by a levy and sale of his property.    Nor can there be any other action to which Ackley could be a party and in which the record of the judgment in this case could be used as evidence for or against him.   Counsel for respondent seem to have confounded the relative posi-

tions of Beck and Ackley. Reverse their relative positions, and the result would be a *status* to which the theory of the plaintiff would apply. Make Ackley the party, and Beck the witness, and the pretended disabilities of Ackley become realities in Beck. We think the Court below erred in excluding Ackley from the witness stand, and for that reason the judgment must be reversed and a new trial awarded.

Ordered accordingly.